UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
99-CR-51(15) (JMR/FLN)
01-CV-2168 (JMR)

| | | |
|---|---|---|
| United States of America | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| Brian Keith Burkhalter | ) | |

Petitioner, Brian Keith Burkhalter, claims the Court miscalculated his criminal history under the United States Sentencing Guidelines, and that his counsel was ineffective, in violation of the Sixth Amendment. Petitioner is not entitled to relief; accordingly, his petition under 28 U.S.C. § 2255 is hereby denied.

I. Background

On November 30, 1999, petitioner pled guilty to possessing crack cocaine with intent to distribute, in exchange for which the government dismissed the charge of conspiracy to distribute controlled substances.

The presentence investigation determined petitioner to be a career offender, and calculated a guideline range of 151 to 188 months, based on an Offense Level of 29 and a Criminal History Category of VI.

The Court sentenced petitioner to 78 months imprisonment on December 1, 2000. The Court declined to treat petitioner as a career offender, and calculated a guideline range of 63 to 78 months based on an Offense Level of 20 and a Criminal History

FILED
RICHARD D. SLETTEN, CLERK
APR 29 2002
JUDGEMENT ENTERED APR 29
DEPUTY CLERK'S INITIALS ______

Category of V.

Petitioner did not appeal his sentence.

II. Discussion

A. Criminal History Calculation

Because petitioner failed to raise this claim on direct appeal, it is procedurally barred, unless he demonstrates both cause and prejudice to excuse his default. Ford v. United States, 983 F.2d 897, 898-99 (8th Cir. 1993). Petitioner does not demonstrate either cause for his failure to appeal or prejudice resulting therefrom. He claims his attorney failed to file a notice of appeal, but does not indicate that he asked counsel to do so. Petitioner also claims prejudice because his sentence "could have been corrected on appeal." Petitioner's sentence, however, was correct and proper under the United States Sentencing Guidelines. Thus, even on its merits, petitioner's claim fails.

Petitioner further claims that, based on his plea negotiations and agreement, the Court should have sentenced him at the low-end of the guideline range, to 63 months rather than 78 months. The Court determined a criminal history, and thus a guideline range much lower than that calculated by the presentence report. Moreover, the Court is not bound by the plea agreement. In short, petitioner was sentenced within the Guidelines, and as anticipated by the plea agreement. For these reasons, it was not ineffective assistance of counsel to fail to object to the Court's

calculations.

B. Assistance of Counsel

Petitioner also alleges ineffective assistance of counsel, claiming his attorney failed to advise him that the charging indictment was defective, and that he was subject to more serious penalties for possession with intent to distribute crack cocaine than powder cocaine.

In Strickland v. Washington, the United States Supreme Court established the two-pronged standard used to evaluate claims of ineffective assistance. 466 U.S. 668 (1984). Strickland requires petitioner to establish first, that his "counsel's representation [fell] below an objective standard of reasonableness," such that he was not functioning as counsel; and second, that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different," such that the proceedings were rendered fundamentally unfair or unreliable. Id. at 687-94. The Court applies a deferential standard of review and presumes counsel's representation was competent. Id. at 689. The Court finds petitioner fails to show his counsel was ineffective or that he suffered prejudice therefrom.

First, the indictment was not defective for failing to cite the penalty provisions for the crimes with which petitioner was charged. Petitioner fails to cite any authority for this

proposition, because none is available. Moreover, he was sentenced well below the statutory maximum penalty of 20 years that is applicable to controlled substance offenses without reference to drug quantity. See United States v. Bradford, 246 F.3d 1107, 1112-13 (8th Cir. 2001) (holding that an indictment is not defective for failing to list drug quantity, but the penalty is limited to 20 years). Therefore, counsel was not ineffective for failing to raise a meritless claim with regard to the indictment, and petitioner suffered no prejudice from having no such claim raised.

Second, petitioner claims he did not appreciate the penalties he was facing and would not have pled guilty if he did. He further contends that he could not have understood the penalties as a layperson, and that the Court could not have known what he understood. In the Court's view, whether or not petitioner was aware of the harsher penalties available for distributing cocaine base rather than powder, petitioner was well aware of the penalties he was facing for the crimes with which he was charged. He signed a plea agreement stating the applicable penalties. The Court also advised him at his guilty plea hearing as to the applicable penalties. Petitioner repeatedly stated on the record that he understood the penalties. Therefore, his failure to appreciate differences in penalties for different controlled substances does not amount to ineffective assistance of counsel. The Court has no doubt that petitioner was aware of the penalties he faced for the

offense to which he pled guilty.

C. Certificate of Appealability

The Court has also considered whether issuance of a Certificate of Appealability is appropriate. See Tiedeman v. Benson, 122 F.3d 518 (8th Cir. 1997). The Court concludes that no issue raised in this motion is "debatable among reasonable jurists." Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir. 1994). Thus, petitioner has not made "a substantial showing of the denial of a constitutional right," and no certificate will issue. 28 U.S.C. § 2253(c)(2).

III. Conclusion

Accordingly, IT IS ORDERED that:

1. Petitioner's motion for relief pursuant to 28 U.S.C. § 2255 is denied. [Docket No. 711.]

2. No Certificate of Appealability will issue in this case.

Dated: April 24, 2002

JAMES M. ROSENBAUM
United States Chief District Judge